KURT FONTHEIM, Plaintiff, *v.* HELMUT LEGERLOTZ, Defendant.

Supreme Court, Special Term, New York County, January 30, 1951.

*Riegelman, Strasser, Schwarz & Spiegelberg* for defendant.

*Kaskell & Schlesinger* for plaintiff.

STEUER, J. The first cause of action pleads that the defendant hired plaintiff to represent him in the recovery of certain funds held by the Alien Property Custodian. For these services, it is alleged that defendant agreed to pay $9,000 in the event recovery was had. Recovery was had and plaintiff's fee was approved by the office of the Alien Property Custodian. This cause of action is not attacked on this motion.

The second cause of action alleges that defendant misrepresented the amount of the funds held by the custodian, stating

that they amounted to $400,000, whereas in fact they exceeded $1,000,000. It is alleged that had plaintiff known of this he would have asked for $16,000 instead of $9,000 and that the custodian would have approved of the fee. Recovery is sought on the ground of fraud.

Fees of representatives for claimants before the Alien Property Custodian are governed by the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, §§ 1, 20). The statute requires a schedule of all fees to be paid to be furnished to the officer designated to hear the application and before any disbursement can be made these fees must be approved. The receipt and retention of a fee in excess of the approved fee is made a misdemeanor.

It is quite clear that plaintiff cannot do indirectly through this court what the statute forbids doing directly. Recovery here would be providing a larger fee than what was approved. It makes no difference that a larger fee might or should have been approved. Approval is a condition precedent. Any additional sum can only be had through application to the custodian through the channels provided.

The second cause of action must be dismissed. Defendant seeks other relief which does not merit discussion. Motion granted to the extent of dismissing second cause of action; otherwise denied.